IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|                          |   |                       |
|--------------------------|---|-----------------------|
| MILTON LEON SIMPSON,     | § |                       |
|                          | § |                       |
|     Plaintiff, | § |                       |
|                          | § |                       |
| vs.                      | § | No. 12-2364-STA-dkv   |
|                          | § |                       |
| BETTY COTHRAN, et al.,   | § |                       |
|                          | § |                       |
|     Defendants. | § |                       |

ORDER DENYING MOTION TO WAIVE FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

On May 8, 2012, Plaintiff Milton Leon Simpson, booking number 10127967, an inmate at the Shelby County Criminal Justice Complex in Memphis, Tennessee, filed a pro se civil complaint, titled "Complaint for Violation of Civil Rights and Pursuant To Diversity of Citizenship." (ECF No. 1.) The Court issued an order on May 11, 2011, directing Plaintiff to comply with the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), or pay the civil filing fee. (ECF No. 2.) On May 30, 2011, Plaintiff filed the required documents and a Motion to Waive Filing Fee. (ECF No. 4.) On June 1, 2011, the Court issued an order granting leave to proceed in forma pauperis and assessing the civil filing fee pursuant to the

PLRA. (ECF No. 5.)[1] The Clerk shall record the defendants as Betty Cothran, William Cothran, United Service Automobile Association, Donald Holmes, Tennessee Auto Insurance, and Dairyland Auto Underwriters of Sentry Insurance Group or Viking Insurance Corporation of Wisconsin.

The complaint alleges that, on May 29, 2010, Plaintiff was a passenger in a motor vehicle driven by Defendant Holmes. Holmes was allegedly insured by Tennessee Auto Insurance. That vehicle was involved in an accident with a vehicle driven by Betty Cothran, which was insured by "United Auto Sales," which is not a party to this suit. (ECF No. 1 at 3.)[2] Plaintiff was injured and contends he is entitled to damages from all parties. (Id. at 4.) He seeks compensatory and punitive damages. (Id. at 3, 6-7.)

The Complaint does not adequately allege that this Court has subject-matter jurisdiction over this action. "Federal courts are courts of limited jurisdiction. They possess only that power

---

[1] The assessment order did not address the Motion to Waive Filing Fee. In that motion, Plaintiff asserts that he paid the filing fee in his previous suit on this matter, Simpson v. Tennessee Auto Insurance, No. 11-2444-JDT-tmp (W.D. Tenn.), which was dismissed without prejudice for want of subject-matter jurisdiction on April 19, 2012. Plaintiff did not cite any authority for his motion. In Owens v. Keeling, 461 F.3d 763, 772-73 (6th Cir. 2006), the Sixth Circuit Court of Appeals held that a prisoner who files a second complaint after his initial complaint is dismissed for failure to exhaust should not have to pay a second filing fee. The Owens decision was issued when the Sixth Circuit enforced a heightened pleading requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a). In contrast, Federal Rule of Civil Procedure 8(a)(1) has always required plaintiffs. Plaintiff's original suit was dismissed because he did not follow a well-established pleading rule. Moreover, as will be discussed infra, the instant complaint does not cure the defects in the original pleading. Instead, there is no federal subject-matter jurisdiction over the instant suit for essentially the same reason jurisdiction was lacking in case number 11-2444-JDT. Under these circumstances, the Court is not persuaded that it is appropriate to waive the filing fee in this case. The Motion to Waive Filing Fee is DENIED.

[2] It is unclear whether Plaintiff means to refer to United Service Automobile Association.

2

authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."[3] Federal courts are obliged to act sua sponte whenever a question about jurisdiction arises.[4] Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Plaintiff purports to invoke this Court's diversity jurisdiction. (D.E. 1 at 1.) Diversity of citizenship means that the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89, 126 S. Ct. 606, 613, 163 L. Ed. 2d 415 (2005). "To establish diversity jurisdiction, one must plead the citizenship of the corporate and

---

[3] Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed 2d 391 (1994) (citations omitted); see also Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxite de Guinee, 456 U.S. 694, 701, 102 S. Ct. 2099, 2104, 72 L. Ed. 2d 492 (1982) ("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374, 98 S. Ct. 2396, 2403, 57 L. Ed. 2d 274 (1978) ("It is a fundamental precept that federal courts are courts of limited jurisdiction.").

[4] See, e.g., Ins. Corp. of Ireland, Ltd., 456 U.S. at 702, 102 S. Ct. at 2104 ("a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 287 n.10, 58 S. Ct. 586, 589 n.10, 82 L. Ed. 845 (1938); Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte").

individual parties."[5] Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

The Complaint makes clear that there is no diversity jurisdiction in this case. Plaintiff alleges that he is a citizen of Tennessee. (ECF No. 1 at 1.) Defendants Betty Cothran, William Cothran, and Holmes are also citizens of Tennessee. (Id. at 2.) Because complete diversity is required, diversity jurisdiction would be lacking even if every one of the corporate defendants were citizens of states other than Tennessee.

Therefore, the Court DISMISSES the action for want of subject-matter jurisdiction, pursuant to Rules 12(b)(1) and (h)(3) of the Federal Rules of Civil Procedure. This dismissal is WITHOUT PREJUDICE to Plaintiff's right to sue on this transaction in state court. Judgment shall be entered for Defendants.

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all

---

[5] Naartex Consulting Corp. v. Watt, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983); see also Johnson v. New York, 315 F. App'x 394, 395 (3d Cir. 2009) (per curiam) ("To invoke diversity jurisdiction, Johnson was required to plead that he is a citizen of a particular state and that the defendants are citizens of a different state or states."); Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (complaint did not properly allege diversity jurisdiction); Leys v. Lowe's Home Centers, Inc., 601 F. Supp. 2d 908, 912-13 (W.D. Mich. 2009) (complaint and notice of removal did not adequately establish diversity jurisdiction); Ellis v. Kaye-Kibbey, No. 1:07-cv-910, 2008 WL 2696891, at *2-3 (W.D. Mich. July 1, 2008) (dismissing complaint without prejudice for failure adequately to allege facts establishing diversity of citizenship despite conclusory allegation that diversity exists); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1208 (3d ed. 2004).

4

cases where the appellant seeks to proceed in forma pauperis, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal in forma pauperis. Leave to proceed on appeal in forma pauperis is, therefore, DENIED.

If Plaintiff appeals the dismissal of this case, the Court is required to assess the $455 appellate filing fee. In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate

filing fee, he must comply with the procedures set out in <u>McGore</u> and 28 U.S.C. § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the second dismissal of one of his cases as frivolous or for failure to state a claim.[6] This "strike" shall take effect, without further action by the Court, upon expiration of the time for filing a notice of appeal, the dismissal of any appeal, or the affirmation of this Court's decision on appeal, whichever is later.

IT IS SO ORDERED this 20th day of June, 2012.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[6] Plaintiff previously filed <u>Simpson v. McWherter, et al.</u>, No. 93-2445-tmm (W.D. Tenn.), which was dismissed as frivolous on June 30, 1993.

"[I]n the ordinary course, a dismissal for a lack of jurisdiction is not a strike." <u>Cohen v. Corrections Corp. of Am.</u>, 439 F. App'x 489, 491-92 (6th Cir. 2011). In this case, however, Plaintiff frivolously invoked federal jurisdiction by refiling this lawsuit after his previous suit against these same parties was dismissed for want of subject-matter jurisdiction.

6